UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF JAMES W. EVANS, ) | |
| ) | Case No. 2:13-cv-01160-GMN-CWH |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| KINECTA FEDERAL CREDIT UNION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This matter is before the Court on Defendant Kinecta Federal Credit Union's Alternative Motion for Interpleader (#9), filed September 13, 2013; Plaintiff's Response (#12), filed September 26, 2013; and Defendant's Reply (#16), filed October 14, 2013.  Contained within its reply, Defendant Kinecta also requested that the Court strike certain exhibits.  That request has been carved out as a separate motion to strike (#17), which will also be considered in this order.  The Court will also consider the parties' Stipulation to Stay Discovery (#20), filed November 21, 2013.

    Defendant Kinecta's Motion for Interpleader (#9) is not a stand-alone motion but, rather, an alternative request in the event the motion to dismiss (#7) is denied.  The motion was filed pursuant to Fed. R. Civ. P. 22(a)(2), which permits "[a] defendant exposed to similar liability [to] seek interpleader through a crossclaim or counterclaim."  A crossclaim or counterclaim should be contained in a responsive pleading served pursuant to Fed. R. Civ. P. 13.  Pleadings include "the complaint, answer, and reply, but not motions and other papers."  *See Richardson v. Oppenheimer & Co., Inc.*, 2014 WL 1304343 (D. Nev.); *see also* Fed. R. Civ. P. 7(a).  Thus, the alternative motion for interpleader is procedurally improper.  The Court further notes, without addressing the

propriety thereof, that the complaint in this matter includes a claim requesting that the funds in question be interpled, which may render the need for a crossclaim or counterclaim for interpleader moot.

The alternative motion for interpleader really constitutes a request that the Court conduct a scheduling conference and enter a scheduling order pursuant to Local Rules 22-1 and 22-2. Under the circumstances, the Court would be inclined to conduct the scheduling conference, but the parties have entered into a stipulation to stay all discovery pending resolution of the motion to dismiss the complaint pursuant to Rule 12(b)(3) or to transfer venue pursuant to 28 U.S.C. § 1406(a). All defendants have stipulated to a stay of discovery. Thus, before conducting a scheduling conference and entering a scheduling order, the undersigned will first address the stipulation that discovery be stayed.

Courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The mere fact that parties stipulate to a stay does not limit the Court's discretion to order a stay. In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court reviewed the state of the law as it pertains to staying discovery when a dispositive motion is pending, such as here, and held that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach in the District of Nevada remains as previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997). Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 653). The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

Courts generally insist on a particular and specific demonstration of fact as opposed to merely conclusory statements that a stay is warranted. *Twin City*, 124 F.R.D. at 653. Evaluation of

a request for a stay often requires a magistrate to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 601. Staying discovery when a pending dispositive motion challenges fewer than all claims or does not apply to all defendants is rarely appropriate. Nevertheless, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City*, 124 F.R.D. at 653. Here, the underlying motion to dismiss (#7) raises important preliminary questions about venue and whether this case ought to be adjudicated in the District of Nevada or elsewhere. Accordingly, the undersigned finds that a stay of discovery is appropriate and will grant the stipulation (#20).

Having stayed discovery at the parties' request, the alternative request for interpleader and a scheduling conference pursuant to Local Rules 22-1 and 22-2 will be denied without prejudice. As a result, the pending motion to strike (#17) will also be denied without prejudice. The undersigned has taken a preliminary peek at the underlying motion to dismiss (#7) and the exhibit Kinecta seeks to strike does is not relevant to the motion to dismiss.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Kinecta Federal Credit Union's Alternative Motion for Interpleader (#9) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendant Kinecta Federal Credit Union's Motion to Strike (#17) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the parties' Stipulation to Stay Discovery (#20) is **granted**.

**IT IS FURTHER ORDERED** that the parties shall submit a Scheduling Plan and Discovery Order, if necessary, within fourteen (14) days after resolution of the Defendants' Motion to Dismiss (#7).

DATED: June 27, 2014.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**