UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE ESTATE OF JAMES W. EVANS, by ELIZABETH ALLI as Executor of the Estate,<br><br>    Plaintiff,<br><br> vs.<br><br>TRACY EVANS, an individual, and KINECTA FEDERAL CREDIT UNION,<br><br>    Defendants. | Case No.: 2:13-cv-01160-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss for Improper Venue or, in the alternative, to Transfer for Convenience (ECF No. 7) filed by Defendant Tracy Evans ("Defendant Evans"). Defendant Kinecta Federal Credit Union ("Kinecta") filed a Joinder to the Motion. (ECF No. 8.) Plaintiff Estate of James W. Evans ("Plaintiff") filed a Response (ECF No. 12) and both Defendant Evans and Kinecta filed Replies (ECF Nos. 14, 16).

I.  BACKGROUND

This action arises from the existence of two individual retirement accounts ("IRAs") that James W. Evans ("Decedent"), a resident of Henderson, Nevada, opened prior to his death. (Compl. ¶¶ 6, 8, ECF No. 1.) Decedent opened these IRAs with Kinecta following the death of his wife with funds that he inherited after her death. (*Id.* ¶¶ 11–12.) However, Plaintiff alleges that Decedent failed to designate a pay-on-death beneficiary for the IRAs prior to his death." (*Id.* ¶ 13.)

Shortly before Decedent's death, Kinecta sent a letter to Decedent's residence in Henderson, Nevada in which Kinecta indicated that his "Traditional and/or Roth IRA [were] being amended because [Kinecta] ha[d] transitioned to new IRA forms." (*Id.* ¶ 18.) In this

letter, Kinecta also represented that "[t]his amendment does not change the beneficiary designation [that Kinecta had] on file for [the] IRA." (*Id.* ¶ 21.) Nevertheless, the IRA Amendment actually provided that without a beneficiary designation on file, Kinecta would pay the IRA "first to the depositor's spouse, second, if the depositor is not survived by a spouse, to the depositor's legitimate natural or legally adopted children, and third, if the depositor is not survived by a spouse or any children, then to the depositor's estate." (*Id.* ¶ 22.)  Thus, despite Kinecta's contrary statements, the IRA Amendment did in fact change the beneficiary designation "by changing the default beneficiary from the depositor's estate to the depositor's spouse or children." (*Id.* ¶ 23.)  As a result, the parties now dispute "whether the IRAs should be paid to the Estate or to [Defendant] Evans due to Decedent's death." (*Id.* ¶ 10.)

Defendant now argues that the Court should dismiss this action under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, that this Court should transfer the action to the Southern District of California.

## II.     MOTION TO DISMISS FOR IMPROPER VENUE

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3).  Under 28 U.S.C. § 1391(b), venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  In determining whether venue is proper under § 1391, disputed facts are viewed in the light most favorable to the non-moving party and district courts draw all reasonable inferences and resolve factual disputes in favor of the non-moving party. *Murphy v.*

*Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

In the Complaint, Plaintiff alleges that venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events and omissions giving rise to the claim occurred in the State of Nevada." (Compl. ¶ 5.) Defendant Evans and Kinecta (collectively, "Defendants") both assert that "[t]his is a false statement" and that "[n]one of the alleged events or omissions give rise to a claim in Nevada." (Mot. to Dismiss 6:12, ECF No. 7.)

Despite Defendants' assertions, a sufficient part of the events related to this action certainly took place in Nevada. First, the Decedent was a resident of Nevada at the time of his death. (Compl. ¶¶ 6–7.) Thus, prior to his death, Decedent was receiving the benefits of the Agreement in Nevada. Furthermore, Kinecta sent the subject correspondence to the Decedent at his address in Henderson, Nevada. (*Id.* ¶ 18.) Finally, if Plaintiff succeeds in this action, the IRAs will become part of the estate that is being probated in Nevada. (*Id.* ¶ 1.) If Kinecta were to distribute the funds in these IRAs to Defendant Evans, the harm would be felt by the Estate in Nevada.

The Court finds that each of Defendants' arguments to the contrary is unpersuasive. Specifically, to support their assertions, Defendants chiefly rely on a purported "forum selection clause" that is allegedly found in Section 8.10 of the IRA Agreement. (Mot. to Dismiss 7:19–8:27, ECF No. 7.) This argument is flagrantly erroneous. Section 8.10 is solely a choice of law provision and makes no mention of forum selection:

> This agreement is subject to all applicable federal and state laws and regulations. If it is necessary to apply any state law to interpret and administer this agreement, the law of the custodian's domicile shall govern.

(Mot. to Dismiss Ex. 3, at 3, ECF No. 7.) Thus, Defendants cannot rely on Section 8.10 to contend that any sort of forum selection clause affects this issue. Furthermore, the remainder of Defendants arguments that rely on non-controlling case law also fail to persuade the Court that venue in Nevada is improper. Accordingly, Defendants' Motion

to Dismiss for Improper Venue is DENIED.

## III. MOTION TO TRANSFER

Alternatively, under 28 U.S.C. § 1404(a), district courts have discretion to decide motions for transfer of venue based on "individualized, case-by-case considerations of convenience and fairness." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quotation marks omitted). "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Id*.

When adjudicating motions for transfer of venue, the plaintiff's choice of forum is entitled to considerable weight, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), and a defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The factors a court may consider when determining a motion for transfer of venue include:

> (1) the location where the relevant agreements were negotiated and executed;
> (2) the state that is most familiar with the governing law;
> (3) the plaintiff's choice of forum;
> (4) the respective parties' contacts with the forum;
> (5) the contacts relating to the plaintiff's cause of action in the chosen forum;
> (6) the differences in the costs of litigation in the two forums;
> (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; and
> (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. "Additionally, the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis." *Id*. at 499.

In this case, Plaintiff chose to initiate this action in the United States judicial district that encompasses the state venue in which the Decedent's estate is being probated. Because this choice is given "considerable weight," the burden now shifts to Defendants to make the requisite "strong showing of inconvenience to warrant upsetting" this choice. Defendants

attempt to carry this burden by stating that "[i]t is unreasonable to have all parties, including any eventual witnesses, . . . travel to Nevada for all Court appearances . . . ." (Mot. to Dismiss 9:9–13.) Defendants further assert that "Kinecta, in California, presumptively holds all the relevant evidence documents and/or the records." (*Id.* at 9:14–15.)

The Court disagrees with Defendants that such a transfer is necessary in this case. First, as discussed above, the action is not completely detached from any contact with Nevada. Furthermore, Defendants' conclusory recitations of two of the factors are insufficient to overcome the considerable weight given to Plaintiff's chosen forum. Finally, although the original movant, Defendant Evans, lacks a connection with Nevada, she also lacks any connection with California. Thus, California is no more convenient for the movant than Nevada. Accordingly, the Court declines to transfer this case to California and, thus, DENIES Defendants' Motion.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Improper Venue (ECF No. 7) is **DENIED**.

**DATED** this 3rd day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge